IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MAGDALENA SANTOS, individually       §
and as next friend of A.B., a minor,  §
                                      §
            Plaintiffs,               §
                                      §
V.                                    §        No. 3:23-cv-2366-S-BN
                                      §
KENZARIOUS MARTEZ RHODES              §
and P.N.M. TRANSPORTATION, LLC,       §
                                      §
            Defendants.               §

**MEMORANDUM OPINION AND ORDER AS TO MINOR PLAINTIFF,
REQUIRING WRITTEN RESPONSE, AND PROVIDING
NOTICE OF *PRO SE* EXPECTATIONS**

Plaintiffs Magdalena Santos, individually and as next friend of A.B., a minor,
filed this lawsuit against Defendants Kenzarious Martez Rhodes and P.N.M.
Transportation, LLC alleging state law claims arising from an automobile crash in
Dallas, Texas. *See, e.g.*, Dkt. No. 20.

United States District Judge Karen Gren Scholer recently granted the
unopposed motion to withdraw filed by Plaintiffs' counsel, vacated the existing
deadlines in this case, and referred the case to the undersigned United States
magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. Nos.
31-33.

Plaintiffs now proceeding *pro se* raises a concern that the Court must address:
whether Ms. Santos may proceed *pro se* as to the claims of her minor child.

If they have standing to sue, plaintiffs in federal court may proceed in one of
two ways: they "may plead and conduct their own cases personally or by counsel." 28

U.S.C. § 1654; *see also Raskin ex rel. J.D. v. Dall. Indep. Sch. Dist.*, 69 F.4th 280, 283

(5th Cir. 2023) ("'[A] party can represent himself or be represented by an attorney,'

because § 1654 says he can. On the other hand, he 'cannot be represented by a

nonlawyer,' because the statute does not include the phrase, 'or by a nonlawyer.'"

(quoting *Gonzalez v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998))); *McPhail v. United

States*, No. 5:22-cv-253-H-BQ, 2022 WL 20510185, at *4 (N.D. Tex. Dec. 29, 2022)

("[T]o proceed '*pro se* means to appear for one's self,' and therefore 'a person may not

appear on another person's behalf in the other's cause.'" (quoting *Iannaccone v. Law*,

142 F.3d 553, 558 (2d Cir. 1998))), *rec. accepted*, 2023 WL 5216501 (N.D. Tex. Aug.

14, 2023).

But

> the right to proceed *pro se* under § 1654 is not limited to cases where the
> *pro se* party is a named plaintiff. The statute provides for *pro se*
> representation in any case that is a party's "own." This language is
> rooted in the Judiciary Act of 1789, which said that "parties may plead
> and manage their own causes personally or by the assistance of counsel."
> At the Founding, "own" meant "belonging to" oneself, and it means the
> same thing today. Accordingly, for a person to invoke § 1654, the only
> requirement is that the case he seeks to prosecute must belong to him.

*Raskin*, 69 F.4th at 283 (cleaned up); *accord Iannaccone*, 142 F.3d at 558.

So, "a party cannot represent her child unless the child's case is the parent's

'own.'" *Hall v. Livingston Par. Gov't*, Civ. A. No. 23-1686-JWD-EWD, 2024 WL

3796173, at *5 (M.D. La. Aug. 12, 2024) (footnote omitted). And a "parent seeking to

represent a child bears the burden of showing that federal or state law authorizes her

to do so." *Id.* (footnote omitted). That is because, "[w]ithout some federal or state law

designating [the child's] claims as belonging to [the parent], the traditionally

recognized 'common-law backdrop' applies, which is that non-attorneys cannot litigate the interests of others under 28 U.S.C. § 1654." *Id.* (footnote omitted).

And, where a parent plaintiff fails to "establish that under § 1654, federal or state law authorizes her to proceed *pro se* on behalf of her children," *Raskin*, 69 F.4th at 287, courts have dismissed without prejudice the claims of the minor plaintiff, *see, e.g.*, *Davis v. Logan*, No. 4:24-cv-15-O-BP, 2024 WL 4627646, at *7 (N.D. Tex. Oct. 7, 2024), *rec. accepted*, 2024 WL 4626085 (N.D. Tex. Oct. 30, 2024); *see also Clark v. City of Pasadena*, No. 4:23-CV-04050, 2024 WL 4354819, at *4 (S.D. Tex. Sept. 30, 2024) ("While Clark may have been able to sue for these violations on behalf of his son under 28 U.S.C. § 1654, it is his burden to establish that 'federal or state law authorizes him to proceed *pro se* on behalf of his children.' Clark has not addressed this burden in his pleadings and is thus foreclosed from bringing claims alleging violations of his son's constitutional rights. Accordingly, Clark does not have standing to bring these constitutional claims against any defendant and they are dismissed pursuant to [Federal Rule of Civil Procedure] 12(b)(1)." (cleaned up)).

The Court therefore ORDERS Ms. Santos to respond to this order in writing by **January 2, 2025** to either (1) advise the Court that she has retained new counsel who will make an appearance in this case or (2) provide the Court with federal or state law that authorizes her to proceed *pro se* on behalf of A.B. – that is, law that "designates [A.B.'s] claims [in this case] as [Ms. Santos's] 'own' such that she can represent [A.B.]." *Raskin*, 69 F.4th at 286.

Failure to do either by **January 2** will result in a recommendation that the

Court dismiss the claims of A.B. without prejudice.

Next, as Judge Scholer directed, the Clerk of Court has updated the docket with Plaintiffs' last known address. And the Court now ORDERS Ms. Santos to register to file by electronic means by **January 2**. *See* N.D. TEX. L. CIV. R. 5.1(e); *Filing, U.S. District Court for the Northern District of Texas*, https://www.txnd.uscourts.gov/filing.

The Court further notifies Ms. Santos of the following obligations that all *pro se* litigants undertake:

(1) to be aware of the Federal Rules of Civil Procedure, the Northern District of Texas Local Civil Rules, and Standing Orders of this Court (all of which are available on the Court's website: http://www.txnd.uscourts.gov/rules-and-orders);

(2) to timely comply with any order issued by this Court; and

(3) to cooperate with other parties and participants (and, if represented, their counsel).

As a *pro se* litigant, the Court may hold Plaintiffs' filings to a less stringent standard than papers drafted and filed by an attorney. But this is Plaintiffs' lawsuit, so they must ultimately prove an entitlement to relief. Neither the Court (or any of its staff) nor counsel for other litigants will serve as *de facto* counsel for Plaintiffs. *See Barker v. Norman*, 651 F.2d 1107, 1129 n.26 (5th Cir. Unit A July 1981) (explaining that "a district judge ... is neither required nor permitted to be counsel for any party, whether that party is appearing *pro se* or through counsel").

The Court expects that, throughout these proceedings, all parties or

participants (whether represented by counsel or proceeding *pro se*) will be courteous, cooperative, and professional and, likewise, will communicate in a timely manner. *See Dondi Props. Corp. v. Commerce Savs. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988) (available on the Court's website, at http://www.txnd.uscourts.gov/pdf/Notablecases/Dondi.PDF).

And, even where a litigant is without a lawyer, that litigant must prosecute this action in a manner that does not unduly burden the Court or the other parties or participants (or their counsel, if any).

If a party seeks a court order as to a particular matter, the party must file a motion that complies with the requirements of Federal Rule of Civil Procedure 7(b); Northern District of Texas Local Civil Rules 7.1 and 7.2; and this order. *See* FED. R. CIV. P. 7(b)(1).

Likewise, to allow time to cooperatively resolve disputes before bringing them to the Court, all parties or participants must allow other parties or participants (or their counsel, if any) at least 72 hours to return phone calls, answer emails, or otherwise respond to communication before again making contact or contacting the Court.

And Plaintiffs are CAUTIONED that the Court possesses the power to impose sanctions – which can include dismissing this lawsuit – for failure to comply with orders of the Court and applicable rules of procedure, including those rules that govern discovery. *See* FED. R. CIV. P. 16(f); FED. R. CIV. P. 37.

Plaintiffs are further CAUTIONED that (1) the progress of this case will not

be delayed because one side is without an attorney and (2) the Court will not be more inclined to grant extensions because a litigant is without an attorney.

Relatedly, Federal Rule of Civil Procedure 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute).

While the text of Rule 41(b) may not extend to a failure to comply with a court's local rule insofar as that violation does not also qualify as a failure to prosecute, *see Campbell v. Wilkinson*, 988 F.3d 798, 800-01 (5th Cir. 2021) (discussing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992)), the Court specifically ORDERS the parties to abide by the Court's local rules insofar as a provision of those rules is not modified by this order or another order of the Court in this case. So, as applicable, a failure to comply with the Court's local rules will also violate this order and subject the violation of the local rules to Rule 41(b).

A court's authority under this rule "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). And dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with

the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *See id.* at 880; *see also Berry*, 975 F.2d at 1191; *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (citations omitted).

SO ORDERED.

DATED: November 20, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE